923 F.2d 854
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael JOHNSON, Plaintiff-Appellant,
v.
LORAIN COUNTY SHERIFF DEPARTMENT, et al., Defendants-Appellees.
 No. 89-3327.
 United States Court of Appeals, Sixth Circuit.
 Jan. 14, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, and JOHN W. PECK and LIVELY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from an order granting summary judgment to the defendants in a civil rights action. The action was brought by a prisoner who alleged that officials at the county jail where he was incarcerated were deliberately indifferent to his serious medical needs. For the reasons stated herein, we shall affirm the summary judgment.
 
 
 2
 * On August 28, 1987, the Police Department of Norwalk, Ohio, transferred plaintiff-appellant Michael Johnson to a correctional facility operated by the Lorain County Sheriff's Department. Prior to the transfer, Mr. Johnson had been injured in an automobile accident in which he suffered third-degree burns to his arm, leg, and the back of his head. He also suffered from epilepsy.
 
 
 3
 Mr. Johnson told his jailers about the burns to his arm and leg and about his epilepsy. He was given medication on a regular basis. He was not treated for his head burn, an injury of which he himself did not become aware until September 17, 1987.
 
 
 4
 When Mr. Johnson found that he had a burn on his head, he alerted a nurse to the fact. She gave him an antibiotic salve. Mr. Johnson had no further complaints until October 4, 1987, at which time he suffered an epileptic seizure. In the course of the seizure he hit his head on a wall, sustaining a two-inch wound at the site of his burn injury. Mr. Johnson showed the wound to a Sergeant Kendricks, who called an unknown nurse on the telephone and described the situation to her. The nurse told Sgt. Kendricks to apply an antibiotic salve.
 
 
 5
 The next day, as Mr. Johnson alleges, Johnson asked defendant Newman, one of the nurses at the facility, what could be done about the wound on his head. Nurse Newman is said to have replied "There is nothing that can be done because the wound is too deep." Another nurse, whose name is unknown, is said to have examined his head the day after the fall and commented that it looked infected. Other than asking if he ever washed his head, Mr. Johnson alleges, this nurse did nothing for him. The prison's log sheet indicates that a nurse examined Mr. Johnson's head on October 7, 1987.
 
 
 6
 On October 8, 1987--only four days after the new injury--Mr. Johnson was transferred to the Chillicothe Correctional Reception Center. On his arrival at the Chillicothe Center, he says, a physician examined his head wound and determined that it had become infected. The physician shaved his head and bandaged the wound. The bandages were changed daily thereafter.
 
 
 7
 On November 2, 1987, Mr. Johnson was transferred to the London Correctional Institute. Here too his head bandages were changed daily.
 
 
 8
 Alleging a need for skin grafts to correct the damage to his scalp, Mr. Johnson sued the Lorain County Sheriff, the Sheriff's Department, Nurse Newman, and the unknown nurse who saw Johnson after Nurse Newman did. The defendants filed their motion for summary judgment on July 8, 1988, and Mr. Johnson opposed the motion through counsel. The district court entered its order granting summary judgment on March 15, 1989. This appeal followed.
 
 II
 
 9
 Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978), teaches that local governing bodies and local supervisory officials cannot be held liable on a respondent superior basis for constitutional violations committed by their employees. Id. at 691, 694 n. 58. In this case, Mr. Johnson has not pointed to any action or policy of the Sheriff's Department or the sheriff personally that would link either of them to the alleged constitutional violation. Under Monell, therefore, the district court was clearly correct in granting summary judgment to the department and the sheriff.
 
 
 10
 As to the nurses, denial of medical treatment can rise to the level of an Eighth Amendment violation only when such denial is the result of deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). More than a showing of medical malpractice is required; malpractice "does not become a constitutional violation merely because the victim is a prisoner." Id. at 106.
 
 
 11
 The uncontradicted evidence shows that Mr. Johnson received an antibiotic salve for the treatment of his head wound. He received the salve promptly, and there has been no showing of any stinting on the quantity made available to him. The initial treatment was doubtless less than ideal, and the nurses may have been negligent; on the facts shown here, however, we do not see how Mr. Johnson could have been permitted to go to a jury on a claim of "deliberate indifference."
 
 
 12
 Mr. Johnson had ample opportunity to discover any additional facts that might have supported his claim. The defendants filed their motion for summary judgment approximately eight months after the filing of the complaint, and approximately five months after the appointment of counsel for Mr. Johnson. Some two months elapsed between the filing of the motion for summary judgment and the filing of Mr. Johnson's opposition to it. Mr. Johnson made no showing under Rule 56(f), Fed.R.Civ.P., of inability to present facts essential to his case, and we are satisfied that the case he presented was insufficient as a matter of law.
 
 
 13
 The judgment of the district court is AFFIRMED.